PER CURIAM.
At issue here is whether the trial court erred by placing a juvenile sex offender on probation beyond her nineteenth birthday. Section 985.0301(5)(h), Florida Statutes (2010), provides that “[t]he court may retain jurisdiction of a juvenile sexual offender who has been placed in a program or facility for juvenile sexual offenders until the juvenile sexual offender reaches the age of 21 ...” Appellant contends that the trial court exceeded its jurisdiction by placing her on probation until age twenty-one because she was not committed to a residential treatment facility. We disagree and affirm.
In construing a statute, “statutory language should be given its plain and ordinary meaning.” E.D.B. v. State, 5 So.3d 787, 789 (Fla. 5th DCA 2009). Section 985.0301(5)(h) extends jurisdiction over juvenile sex offenders placed in either a “program or facility.” (Emphasis added). The statute is unambiguous; if either condition is satisfied, extended jurisdiction is proper. We find that the trial court *1184 placed Appellant in a sex offender “program,” thus the fact that she was not committed to a residential treatment facility is inconsequential and probation until age twenty-one is proper.
AFFIRMED.
SAWAYA, TORPY and EVANDER, JJ„ concur.